## GLOVER *v.* GLOVER.

## Opinion delivered April 10, 1922.

1. TRUSTS—PAROL TRUST.—Where a husband conveyed lands to his wife by deeds absolute on their face, a subsequent decree of divorce awarding the same lands to her in lieu of dower in the rest of her husband's property in pursuance of her parol promise to reconvey to her husband, was erroneous as an attempt to graft a parol express trust upon the several deeds.

2. TRUSTS—CONSTRUCTIVE TRUST—PAROL EVIDENCE.—Equity will not impress a constructive trust on property conveyed by a husband to his wife in the absence of allegation or proof that she obtained the deeds through fraud or duress or under circumstances rendering it inequitable for her to hold the legal title.

3. DIVORCE—DIVISION OF PROPERTY.— A decree of divorce awarding to the wife, in lieu of dower, real estate conveyed to her by defendant, not through wrongdoing on her part or in contemplation of a separation, but as a gift in consideration of love and affection, *held* erroneous as depriving her of dower on account of gifts theretofore made, to which Crawford & Moses' Dig., § 3511, relative to a division of property on granting a divorce, is inapplicable.

Appealed from Pulaski Chancery Court; *J. E. Martineau,* Chancellor; reversed.

*Geo. A. McConnell* and *Lewis Rhoton,* for appellant.

*Price Shofner* and *Mehaffy, Donham & Mehaffy,* for appellee.

HUMPHREYS, J. On the 13th day of September, 1920, appellant instituted suit against her husband, appellee, in the Pulaski Chancery Court to dissolve the bonds of matrimony existing between them upon statutory grounds and for a part of his property, both real and personal, in lieu of her dower interest therein. Appellee filed an answer denying the alleged causes for divorcement, and a cross-bill seeking cancellation of deeds executed to him in the years 1910 and 1916 conveying certain real estate to appellant, alleging that it was conveyed to her in trust, and for an accounting of the proceeds of other lands likewise conveyed to her in the year 1916, but sold by her to innocent purchasers. Appellant filed an answer to the cross-bill, admitting that deeds were executed by appellee in the years 1910 and 1916, conveying certain real estate to her, but denying that it was conveyed to her in trust. The cause was submitted to the court upon the pleadings and evidence, which resulted in a decree granting appellant a divorce and vesting in her, in lieu of dower in appellee's property, the furniture and jewelry left in her possession when the abandonment occurred, and the real estate, and proceeds of that part sold by her, which appellee had conveyed to her in the years 1910 and 1916. An appeal has been prosecuted to this court from that part of the decree refusing to endow appellant of an interest in the personal and real property held by appellee in his own name at the time the suit was instituted. As no appeal has been taken from the decree annulling the marriage contract, it is unnecessary to incorporate in this opinion the marital infelicities inducing the separation.

Appellant and appellee lived together for more than twenty years, during which time a large estate was accumulated through their joint efforts. In addition to performing her household duties, appellant assisted appellee in the conduct of his business. In the year 1910 appellee conveyed to appellant by warranty deed their home place, the same being lot 6, block 46, in the city of Little Rock. In October, 1915, appellee brought a suit

against appellant for divorce, but it was dismissed in November, a reconciliation having been effected. In June and August, 1916, while appellant and appellee were living together, lot 5, block 46, city of Little Rock, lots 11 and 12, block 5, Ratterree's Addition, lot 10, block 20, Kimball's South Park Addition, and lot 4, block 12, DuVall's Addition, all being additions to Little Rock, were conveyed by appellee to appellant by warranty deeds. All the deeds were absolute upon their face, containing no provision of trust. Subsequently appellant sold the property in Kimball's South Park Addition and DuVall's Addition for a little less than $10,000 net to her. Appellee testified that he made each of the conveyances to his wife for the purpose of protecting himself against his creditors should he fail in business, and that on each occasion she promised to convey the property back to him when he wanted it or should request her to do so. Other witnesses corroborated his testimony in this regard. Their evidence was contradicted by appellant, who testified that the home place was conveyed to her as a birthday present, and the property conveyed to her in 1916 was conveyed in fulfillment of a peace offering made when her husband obtained a reconciliation and dismissal of the divorce suit instituted in the fall of 1915. The decree of the court awarded appellant certain furniture retained by her at the time of the separation and the real estate conveyed to her in the years 1910 and 1916, and the proceeds therefrom, in lieu of her dower interest in the rest of her husband's property. The effect of this decree was to graft an express trust upon the several deeds by parol evidence. This was error. *Harbour* v. *Harbour,* 103 Ark. 273; *Carpenter* v. *Gibson,* 104 Ark. 32.

There was no allegation or proof tending to show that appellant, through fraud or duress, or under circumstances which rendered it inequitable for her to hold the legal title and enjoy the beneficial interest therein, obtained the deeds. So equity should not impress a constructive trust upon the property in favor of appel-

lee. There is not a hint in the pleadings or evidence that appellant procured the deeds through wrongdoing on her part or that the conveyances were made to her in contemplation of a separation. On the contrary, the record reflects that the conveyances were made in contemplation of a continued happy and harmonious marital relationship. Under the allegations and the evidence the conveyances should have been treated as gifts. Section 3511 of Crawford & Moses' Digest, making provision for a division of property where a divorce has been awarded, does not apply to gifts made by the husband to the wife for love and affection. The decree deprived appellant of her dower interest in the property, both real and personal, on account of gifts theretofore made to her by him, and for that reason was erroneous. The decree of the court should not have taken into consideration these gifts in assigning property in lieu of appellant's dower interest in the estate of her husband. The decree is therefore reversed and the cause remanded, with directions to award appellant property in lieu of dower in the estate owned by appellee, not including the property conveyed prior to the separation by appellee to her.